IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES W. MILLER,                                    CV. 08-789-HU

        Petitioner,                       OPINION AND ORDER

  v.

J.E. THOMAS,

        Respondent.

Alison M. Clark
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon, 97202

    Attorney for Petitioner

Karin J. Immergut
United States Attorney
Suzanne Bratis
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.  All parties have

1 -- OPINION AND ORDER

consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). For the reasons set forth below, petitioner's petition for writ of habeas corpus (#2) is granted.

## BACKGROUND

On December 4, 1997, in the U.S. District Court for the Eastern District of Washington, the Honorable Robert H. Whaley sentenced petitioner to a 63-month term of imprisonment, to be followed by a two-year term of supervised released. United States v. Miller, No. 97-CR-060-RHW. Petitioner was released from federal custody after serving his prison term. However, while on supervised release, petitioner committed several state crimes in Washington State.

As a result, on April 2, 2003, petitioner was sentenced in state court to 25 months imprisonment, to be followed by 25 months supervised release. State v. Miller, No. 02-1-0332907 (WA 2002). Additionally, petitioner's federal supervised release was revoked and petitioner was sentenced to 14-days confinement (with credit for time served), and an additional two-year term of supervised release to commence upon petitioner's release from state custody.

On January 21, 2004, petitioner completed his term of incarceration for WA 2002, and his state and federal terms of supervised release began. In June, 2004, however, petitioner engaged in new criminal activity and subsequently pled guilty in

2 -- OPINION AND ORDER

state court to Second Degree Possession of Stolen Property and Taking a Motor Vehicle without Permission.  <u>State v. Miller</u>, Nos. 04-1-02890-7 & 04-1-02387-5 (WA 2004).  On September 23, 2004, petitioner was sentenced to two concurrent 22-month terms of imprisonment, with 93 days of credit for time served.  Shortly thereafter, petitioner's term of supervised release in WA 2002 was revoked.  "On September 30, 2004, petitioner was received into state custody to serve time for the revocation of his state supervised release term in *WA 2002*."  Answer at 3 & Exh. 1, Att. 8 at 2 (emphasis added).

On or about December 20, 2004, Judge Whaley revoked petitioner's federal supervised release and sentenced him to a 24-month term of imprisonment.  Judge Whaley was aware of petitioner's state sentences, and expressed his intent that petitioner serve a total of approximately 46 months in state and federal custody:

> [DEFENSE COUNSEL]: Your Honor, as Mr. Miller indicated, he did receive a sentence of 22 months on those offenses to which he pled.  His suspended DOSA sentence of 25 months was reimposed.  He is doing a term of 47 months.  And I will tell the Court I thought that we had a record of that.  We do not.  Ms. Kuest did not have that in her records.  So we simply have my statement and Mr. Miller's statement that he was, indeed, sentenced to a total of 47 months, *the 22 months and then the reinstatement of the 25 consecutive*, for a total of 47.  He would have somewhere around 40 months to go.  I'm not sure what credit he's received on that. * * *
>
> THE COURT: When I came out here, Mr. Miller, I was going to give you 24 months consecutive.  I'm going to do that, but it's going to be consecutive to the sentence of 22 months.  In other words, I didn't know you had another

3 -- OPINION AND ORDER

>    25 months.    * * *    Do you know which sentence you're serving first?
>
>    THE DEFENDANT: *The 22.*  And then I got a new date, then a new start date.  A new out date and new start date.
>
>    THE COURT: All right.  Well, my intent, if there's any question, is that whichever one you're doing first – if you're doing the 25 months first, it's consecutive to that sentence.  If you're doing the 22 months first, it's consecutive to that sentence.  But it's not consecutive to both.  In other words, I'm not saying that you've got to do your 47 months or whatever it was plus my 24.  I'm trying to make it consecutive to the first state sentence served.
>
>                    * * * * *
>
>    THE COURT:  [T]he reason I'm doing that is I think that's enough time.  46 months, for where you are with the state 22, is – I don't need to add to that.  If you don't learn your lesson and straighten yourself out during that time, you're going to be back in front of somebody with a criminal history of VI and going off again forever.  And I –and that gives you a chance, although it's a long time, to try to get through drug treatment and get straightened out.  You do have a lot of support on the outside.  And I'm not happy with you.  But the additional 25 months sort of was enough for me.

Pet. Exh. A at 12-16 (emphasis added).

Although Judge Whaley's intent was to have petitioner's federal sentence run consecutive to whichever sentence petitioner was serving first, the written judgment specifies that it is consecutive to the WA 2004 sentences and concurrent to WA 2002.

However, as outlined above, petitioner began service of his WA 2002 sentence first.  Then, on April 9, 2005, petitioner began serving his state prison terms in the WA 2004 cases "concurrently

4 -- OPINION AND ORDER

with the remainder of his state revocation term in WA 2002." Answer at 4. Petitioner completed all state sentences on October 29, 2007, and he was released to the custody of the U.S. Marshal's Service. Answer at 4 & Exh 1, Att. 8 at 2-3. According to the Bureau of Prisons (BOP), petitioner's federal sentence commenced on that date, and his projected release date is July 23, 2009.

## DISCUSSION

Petitioner seeks habeas corpus relief to compel the BOP to facilitate concurrent state and federal sentences, as contemplated by the federal district judge, by making a *nunc pro tunc* designation of the state prison as the place for service of petitioner's federal sentence. Petitioner claims that he is entitled to immediate release if the BOP makes this designation.

This is a matter properly before the court pursuant to 28 U.S.C. § 2241. Fegans v. United States, 506 F.3d 1101, 1103 n.1 (8th Cir. 2007); Taylor v. Sawyer, 284 F.3d 1143, 1147 (9th Cir. 2002), cert. denied, 537 U.S. 1119 (2003); Larios v. Madigan, 299 F.2d 98, 99 (9th Cir. 1962). In exercising its habeas jurisdiction, this court shall not "lightly second guess a deliberate and informed determination" by the BOP concerning the designation of a state facility for service of a federal sentence. Taylor, 284 F.3d at 1149.

Respondent moves the court to deny habeas relief on the basis that petitioner failed to exhaust his administrative remedies and,

5 -- OPINION AND ORDER

...

in the alternative, to uphold the BOP's discretionary decision not to designate the state prison as the place for service of petitioner's federal sentence.

I.    Exhaustion of Administrative Remedies.

Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in federal court. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). However, the exhaustion requirement is not a statutory requirement and may be excused. Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004); Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). Exhaustion may be excused if administrative remedies are inadequate, futile, or where pursuit of administrative remedies would irreparable harm the petitioner without immediate judicial relief. Laing, 370 F.3d at 1000-01.

In the instant proceeding, petitioner has demonstrated that the exhaustion of administrative remedies would cause irreparable injury in light of his contention that he is entitled to immediate release. Accordingly, the exhaustion requirement is waived.

II.   Designation of State Prison as Place for Service of Federal Service.

Pursuant to 18 U.S.C. § 3584(a), federal judges are given the power to order a federal sentence to run concurrently with a pre-existing state sentence. The BOP facilitates service of concurrent

sentences by designating the state prison as the place for service of the federal sentence. Program Statement 5160.05 at 2-3; Taylor, 284 F.3d at 1148-49. Authority for designating a state institution as the place to serve a federal term of imprisonment is found in 18 U.S.C. § 3621(b):

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing section 994(a)(2) of title 28.

Respondent argues that such a designation was inappropriate in the instant case because it would have resulted in the interruption of petitioner's federal sentence once it began. Respondent explains:

> Here, the sentencing court recommended that Petitioner's federal sentence run concurrently to WA 2002

7 -- OPINION AND ORDER

>     and consecutively to the WA 2004 sentences.  Petitioner
>     began his WA 2002 sentence on September 29, 2004.  His
>     federal sentence was imposed on December 20, 2004, and
>     Petitioner began his WA 2004 sentences on April 9, 2005.
>     Thus, if the BOP were to conform to the federal
>     sentencing court's recommendation, it would have needed
>     to designate the state prison as the place of federal
>     service from December 20, 2004, to April 9, 2005, and
>     then put Petitioner's federal sentence on hold while he
>     served out the remainder of his WA 2004 sentences.

Resp. Answer at 8.

Petitioner disagrees, arguing that the state sentences should be treated as a single aggregate sentence for federal purposes, so that the arbitrary order in which petitioner served his state sentences does not prevent the BOP from carrying out the federal judge's intent that petitioner serve a total term of imprisonment of 46 months.  Petitioner explains:

>     No more than 19 months (22 months minus the 93 days
>     of state jail time credit) after [petitioner's] state
>     court sentence began, his federal sentence should have
>     commenced concurrently to his 25-month sentence in WA
>     2002.  Following the District Court's order for
>     concurrent federal and state time, [petitioner's] federal
>     sentence should have begun on or about April 23, 2006.
>     Even without federal good time, Mr. Miller should have
>     been released no later than 24 months later, in April,
>     2008.

Pet.'s Memo. at 8.

I agree with petitioner's contention for several reasons. First, it carries out the express intent of the federal sentencing judge, which is the objective of Program Statement 5160.05:

>     State institutions will be designated for concurrent
>     service of a federal sentence when it is consistent with

8 -- OPINION AND ORDER

the intent of the federal sentencing court or with the
goals of the criminal justice system.

PS 5160.05 at 1.[1]

Moreover, treating the state sentence in the aggregate, and ignoring the arbitrary order in which the state sentences were served, is analogous to the manner in which the BOP treats *multiple federal* sentences under 18 U.S.C. § 3684(c).  It also appears consistent with the manner in which Washington State treated the state sentences given the fact that the sentences in WA 2002 and WA 2004 were *all* treated as expiring on October 29, 2007.  Answer, Exh. 1, Att. 8 at 2-3.

Further, the BOP acted arbitrarily in failing to apply the factors set forth § 3621(b), and instead concluding that Judge Whaley's sentence could not be carried out due to the potential interruption in the federal sentence.  The common law rule against the interruption of a federal sentence does not support the BOP's action.  In the cases cited by respondent, Free v. Miles, 333 F.3d 550 (5th Cir. 2003) and Dunne v. Keohane, 14 F.3d 335 (7th Cir.), cert. denied, 511 U.S. 1149 (1994), the courts note that the sole purpose of the common rule against sentence interruption or

---

[1] In this regard, I reject respondent's assertion that the decision in Robinson v. Outlaw, 2008 WL 2225787 (E.D. Ark. 2008), is "nearly identical" and favors its position.  On the contrary, in upholding the BOP's actions in that case as "reasonable," the court specifically found that the BOP's action was consistent with the intent of the federal sentencing judge. 2008 WL 2225787 *5.

9 -- OPINION AND ORDER

"installment punishment", is to prevent the *government* from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations.  <u>Free</u>, 333 F.3d at 554; <u>Dunne</u>, 14 F.3d at 336-37. Hence, the BOP's invocation of the rule to justify the extension of a petitioner's sentence beyond the express intent of the federal sentencing judge is misplaced.

Accordingly, in order to effectuate Judge Whaley's intent, as expressed at petitioner's sentencing hearing, and in accordance with 18 U.S.C. § 3621(b) and Program Statement 5160.05, it is ordered that the BOP shall make a *nunc pro tunc* designation of the Washington State correctional facility as the place to serve petitioner's federal sentence commencing 22 months from the date petitioner's state sentences commenced (less 93 days jail credit).

## CONCLUSION

Based on the foregoing, it is ordered that petitioner's petition for a writ of habeas corpus (#2) is granted as follows:

On or before November 7, 2008, the BOP shall make a *nunc pro tunc* designation of the Washington State correctional facility as the place to serve petitioner's federal sentence commencing 22 months from the date petitioner's state sentences commenced (less 93 days jail credit).  If, as expected, this results in a determination by the BOP that petitioner is "'past due for release, such designation [may] be retroactive to a point in time that the

10 -- OPINION AND ORDER

sentence, when calculated in the same manner as any other sentence, results in a release date that affords the institution time to conduct normal release processing" as set forth in Program Statement 5160.05 at 9.

Petitioner's motion for expedited consideration (#19) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this  31st   day of October, 2008.

                                              /s/ Dennis J. Hubel

                                              Dennis J. Hubel

                                              United States Magistrate Judge